IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN ELECTRONICS COMPANY, LTD.<br>1-23-1 Kamikurechi,<br>Fujiyoshida-shi,<br>Yamanashi-ken 403-0001,<br>Japan<br><br>Plaintiff,<br><br>v.<br><br>OSRAM GMBH<br>Hellabrunner Strasse 1<br>81543 Munich<br>Germany<br><br>and<br><br>OSRAM OPTO SEMICONDUCTORS GMBH<br>Wernerwerkstrasse 2<br>93049 Regensburg<br>Germany<br>Defendants. | Civil Action No.       (       )<br><br><br><br><u>COMPLAINT</u><br><br><u>JURY TRIAL DEMANDED</u> |

## COMPLAINT

Plaintiff Citizen Electronics Company, Ltd. ("CE"), by and through the undersigned attorneys, brings its complaint against defendants OSRAM GmbH and OSRAM Opto Semiconductors GmbH (collectively "OSRAM") as follows:

## PARTIES

1. CE is a Japanese company having a principal place of business at 1-23-1 Kamikurechi, Fujiyoshida-shi, Yamanashi-ken 403-0001, Japan.

2. On information and belief, OSRAM GmbH is a German company with a principal place of business at Hellabrunner Strasse 1, 81543 Munich, Germany.

3. On information and belief, OSRAM Opto Semiconductors GmbH is a German company with a principal place of business at Wernerwerkstrasse 2, 93049 Regensburg Germany, and it is a subsidiary of OSRAM GmbH.

## NATURE OF THE ACTION

4. This is an action for declaratory judgment that CE's white light emitting diodes ("LEDs") do not infringe upon any of Defendants' intellectual property rights in U.S. Patent Nos. 6,066,861; 6,245,259; 6,277,301; 6,576,930; 6,592,780; 6,613,247; and 6,812,500 (hereinafter "patents in suit"), and/or that such intellectual property rights are invalid. This action arises from Defendants accusing products manufactured and/or supplied by CE of infringing one or more of the patents in suit.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 35 U.S.C. § 293. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This court has personal jurisdiction over defendants. Upon information and belief, defendant OSRAM GmbH is the assignee of each patent in suit. Because OSRAM GmbH is a non-resident owner of a United States patent, "the United States District Court for the District of Columbia [has] jurisdiction" as if "[OSRAM GmbH] was personally within the jurisdiction of the court." 35 U.S.C. § 293.

7. Upon information and belief, OSRAM Opto Semiconductors GmbH is the non-resident owner and/or exclusive licensee of the patents in suit, and upon information and belief it has the right to sue for infringement of the patents in suit.

## PATENTS IN SUIT

8. United States Patent 6,066,861 ("the '861 patent") entitled WAVELENGTH-CONVERTING CASTING COMPOSITION AND ITS USE to Klaus Hohn of Taufkirchen, Germany, Alexandra Debray of Regensburg, Germany, Peter Schlotter of Freiburg, Germany, Ralf Schmidt of Vorstetten, Germany, and Jurgen Schneider of Kirchzarten, Germany issued on May 23, 2000 to Siemens Aktiengesellschaft (exhibit A attached hereto).

9. United States Patent 6,245,259 ("the '259 patent") entitled WAVELENGTH-CONVERTING CASTING COMPOSITION AND LIGHT-EMITTING SEMICONDUCTOR COMPONENT to Klaus Hohn of Taufkirchen, Germany, Alexandra Debray of Regensburg, Germany, Peter Schlotter of Freiburg, Germany, Ralf Schmidt of Vorstetten, Germany, and Jurgen Schneider of Kirchzarten, Germany issued on June 12, 2001 to Osram Opto Semiconductors, GmbH & Co. OHG (exhibit B attached hereto).

10. United States Patent 6,277,301 ("the '301 patent") entitled METHOD OF PRODUCING A WAVELENGTH-CONVERTING CASTING COMPOSITION to Klaus Hohn of Taufkirchen, Germany, Alexandra Debray of Regensburg, Germany, Peter Schlotter of Freiburg, Germany, Ralf Schmidt of Vorstetten, Germany, and Jurgen Schneider of Kirchzarten, Germany issued on August 21, 2001 to Osram Opto Semiconductors GmbH & Co. OHG (exhibit C attached hereto).

11. United States Patent 6,576,930 ("the '930 patent") entitled LIGHT-RADIATING SEMICONDUCTOR COMPONENT WITH A LUMINESCENCE CONVERSION ELEMENT to Ulrike Reeh of Munchen, Germany, Klaus Hohn of Taufkirchen, Germany, Norbert Stath of Regensburg, Germany, Gunter Waitl of Regensburg, Germany, Peter Schlotter of Freiburg,

Germany, Jurgen Schneider of Kirchzarten, Germany, and Ralf Schmidt of Vorstetten, Germany issued on June 10, 2003 to Osram Opto Semiconductors GmbH (exhibit D attached hereto).

12. United States Patent 6,592,780 ("the '780 patent") entitled WAVELENGTH-CONVERTING CASTING COMPOSITION AND WHITE LIGHT-EMITTING SEMICONDUCTO COMPONENT to Klaus Hohn of Taufkirchen, Germany, Alexandra Debray of Regensburg, Germany, Peter Schlotter of Freiburg, Germany, Ralf Schmidt of Vorstetten, Germany, and Jurgen Schneider of Kirchzarten, Germany issued on July 15, 2003 to Osram Opto Semiconductors GmbH (exhibit E attached hereto).

13. United States Patent 6,613,247 ("the '247 patent") entitled WAVELENGTH-CONVERTING CASTING COMPOSITION AND WHITE LIGHT-EMITTING SEMICONDUCTOR COMPONENT to Klaus Hohn of Taufkirchen, Germany, Alexandra Debray of Regensburg, Germany, Peter Schlotter of Freiburg, Germany, Ralf Schmidt of Vorstetten, Germany, and Jurgen Schneider of Kirchzarten, Germany issued on September 2, 2003 to Osram Opto Semiconductors GmbH (exhibit F attached hereto).

14. United States Patent 6,812,500 ("the '500 patent") entitled LIGHT-RADIATING SEMICONDUCTOR COMPONENT WITH A LUMINESCENCE CONVERSION ELEMENT to Ulrike Reeh of Munchen, Germany, Klaus Hohn of Taufkirchen, Germany, Norbert Stath of Regensburg, Germany, Gunter Waitl of Regensburg, Germany, Peter Schlotter of Freiburg, Germany, Jurgen Schneider of Kirchzarten, Germany, and Ralf Schmidt of Vorstetten, Germany issued on November 2, 2004 to Osram Opto Semiconductors GmbH & Co. OHG (exhibit G attached hereto).

## BACKGROUND

15. Commencing in early 2003, OSRAM informed CE of OSRAM's assertion that CE infringed one or more of the patents in suit. Throughout 2003, CE and OSRAM exchanged correspondence and discussed the alleged infringement of the patents in suit, but the parties reached no agreement.

16. On or around May 6, 2004, OSRAM filed a request before the International Trade Commission to exclude from entry into the United States LEDs and products incorporating LEDs that are manufactured, imported, or sold by three corporations (not including CE).

17. Except for the '500 patent, each of the patents in suit were asserted by OSRAM in the International Trade Commission Proceeding complaint filed on or around May 6, 2004.

18. The '500 patent is directly related to one or more of the other patents in suit. That is, it shares the same parent application from which one or more of the other patents in suit derived. Given the similar subject matter and the close relation of the '500 patent to the other patents in suit, CE has a reasonable apprehension of being sued by OSRAM for infringing the '500 patent together with the remaining patents in suit.

19. CE's reasonable apprehension of being sued by OSRAM for infringing the patents in suit is further bolstered by an OSRAM press release dated July 19, 2004 (exhibit H attached hereto). In this release, the CEO of Osram Opto Semiconductors GmbH, "stressed that the company would not tolerate any infringement of its patent rights and would take legal action against any unauthorized use."

## COUNT I
*Non-Infringement of the Patents in Suit*

20. CE repeats the allegations of paragraph 1 through 19 as if fully set forth herein.

21. There is an actual case or controversy as to infringement of the patents in suit. On information and belief, CE's LED products do not and would not infringe the patents in suit.

## COUNT II
*Invalidity of the Patents in Suit*

22. CE repeats the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. There is an actual case or controversy as to validity of each of the patents in suit. Upon information and belief, each of the patents in suit is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101 et seq.

## **PRAYER FOR RELIEF**

WHEREFORE, CE respectfully requests that the Court:

(a) Adjudge that the patents in suit are not infringed by CE;

(b) Adjudge that the patents in suit are invalid;

(c) Award CE its costs, reasonable attorneys' fees, and expenses;

(d) Declare this an exceptional case under 35 U.S.C. §285 and award CE its costs and attorneys fees for prosecuting this action; and

(e) Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff CE demands trial by jury of all issues as to which it has a right to trial by jury.

Attorneys for Plaintiff
**CITIZEN ELECTRONICS COMPANY, LTD.**

Dated: January 18, 2005

_____
William T. Enos, Esq. (Bar No. 414877)
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000